(1:13cv1348)

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL ELDER, ) | |
| ) | CASE NO. 1:13cv1348 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STATE OF OHIO, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF Nos. 1; 4; 5] |

On June 19, 2013, *pro se* Petitioner Emmanuel Elder filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Nineteen days later, he filed an Amended Petition (ECF No. 4), which is the pleading upon which the Court will rely.[1]

Petitioner, who is being held in Lake County Jail in Painesville, Ohio, alleges Respondent violated several Constitutional rights when it denied him a full and fair preliminary hearing. *See, E.g.*, ECF No. 4 at 5. He seeks, *inter alia*, a fact-finding hearing and an order compelling Respondent to dismiss the charges it filed against him in June 2013. ECF No. 4 at 22. Petitioner

---

[1] After Petitioner amended his petition pursuant to Federal Civil Rule 15(a), his original petition became null and void. *See Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb. 21, 2008) (stating that a prior "complaint is a nullity, because an amended complaint supercedes all prior complaints"); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case").

(1:13cv1348)

also requests compensatory, punitive and exemplary damages totaling 1.5 million dollars.

On July 15, 2013, Petitioner filed a Writ of Mandamus pursuant to "5 U.S.C. § 706(2), (A)(b)(d)(E)(F)." ECF No. 5 at 1. He argues that if he is convicted in Lake County it would be "against the manifest weight of evidence." ECF No. 5 at 2.

**I. Background**

On March 7, 2013, at or around 7:20 p.m., Petitioner was driving his minivan westbound on interstate route 90 near the vicinity of Willoughby Hills, Ohio.² ECF No. 4 at 31. A Willoughby Hills Police Officer was stationed at the highway crossover monitoring westbound traffic traveling on I-90. The officer observed Petitioner's van approaching with a single headlight illuminated and no light above the license plate. The officer pulled into traffic and began following Petitioner's minivan. While trailing Petitioner, the officer checked the status of the van's registration with the police dispatcher. The officer learned that the registration had expired in December 2012 and that the Ashtabula Police Department had issued an active warrant against the vehicle's owner for larceny. ECF No. 4 at 31.

Petitioner's van had progressed to and was traveling in the far left southbound lane on interstate 271, when the officer approached from the center lane and initiated a traffic stop at White Road.³ The officer walked toward the passenger side of Petitioner's van and advised him

---

² Because most of the facts surrounding the traffic stop are not substantially in dispute, the Court will rely on the details provided in the Willoughby Hills Police Department *Incident Report Form* included with the Amended Petition.

³ Although there is no dispute that the stop was at White Road, Petititioner complains that during the preliminary hearing the officer could not specifically identify where his jurisdiction ended on White Road. ECF No. 4 at 4. As such, Petitioner argues the officer perjured himself

2

(1:13cv1348)

to turn off the vehicle. Petitioner obeyed. The officer then explained the reason for the stop and asked to see Petitoner's driver's license. As Petitioner was producing his license, a second Willoughby Hills officer arrived at the scene. The first officer then notified Petitioner of the outstanding warrant issued against him and asked him to exit his vehicle. Instead of exiting, Petitioner sped away. ECF No. 4 at 31. The officer pursued Petitioner on I-271, allegedly at speeds in excess of 80 mph, until his sergeant directed him to terminate the pursuit. ECF No. 4 at 32.

On March 8, 2013, a criminal complaint and summons were filed in Willoughby Municipal Court charging Petitioner with violating Ohio Revised Code § 2921.331, failure to comply with order or signal of police officer. ECF No. 4 at 26; *see Ohio v. Elder*, No. 13CRA00702 (Willoughby Mun. Ct. filed Mar. 8, 2013). A warrant for Petitioner's arrest was also issued on that date. ECF No. 4 at 28.

Petitioner was arrested on March 31, 2013 and held at Cuyahoga County Jail in Cleveland, Ohio. ECF No. 4 at 3. Four days later, Cleveland Municipal Court Judge Adrine allegedly "advised him that Willoughby Hills Police Dept. . . . placed a hold on him." ECF No. 4 at 3. Petitioner states that on "6/3/2013 [he] was placed in the custody of the Willoughby Hills police dept. and arraigned on 6/4/2013." ECF No. 4 at 3. A preliminary hearing was held on June 12, 2013 in Willoughby Municipal Court before Magistrate Judge Almis Stempuzis. ECF No. 4 at 5.

---

when he identified the traffic stop at a mile marker five miles from where Petitioner claims his vehicle was stopped in order to bring the van within his territorial jurisdiction. ECF No. 4 at 4.

(1:13cv1348)

Eight days after the preliminary hearing, Petitioner was charged with Failure to Comply with Order or Signal of a Police Officer. ECF No. 4 at 6; *see Ohio v. Elder*, No. 13CR000415 (Lake County Ct. Com. Pl. filed June 20, 2013)(Collins, J.)(http://phoenix.lakecountyohio.gov). On June 25, 2013, Petitioner filed a Motion to Dismiss and a Motion for Summary Judgment in the case. ECF No. 4 at 6. Although he alleges he has been "denied access to courts, see the 6/24/2013 notation from the clerk of the court whom returned petitioner's motion pursuant to O.R.C. 149.43(B)(8)"(ECF No. 4 at 6),  a review of the case docket reveals that both motions are still pending.[4]  *See* (http://phoenix.lakecountyohio.gov).

In his Amended Petition, Petitioner complains that Magistrate Judge Stempuzis refused to answer his questions during the preliminary hearing. ECF No. 4 at 3. He lists sixteen overlapping objections to the magistrate's findings, which include the following: "(A) 4th U.S.C.A. Violation of Probable Cause; (B) 6th U.S.C.A. Violation of Impartial Trier & Full and Fair Trial; (C)14th U.S.C.A. Violation(s) of Due Process & Equal Protection; (D) Violation of Ohio Traffic Rule 3; (E) Lack of Territorial Jurisdiction"; (F) "Violation of O.R.C. 2921.331 and 2901.01"; (G) "Fraud 18 U.S.C. § 1001"; (H) "Violation of crim rule (5)(B)(3)(B) that defendant may make a statement, not under oath, regarding the charge"; (I) Violation of the Confrontation Clause; (J) Violation of speedy trial rights; and, (K) "Violation of crim rule 44." ECF No. 4 at 7-21.

---

[4] This may be a reference to a letter, dated June 24, 2013, addressed to Petitioner from Maureen G.  Kelly, Clerk of Common Pleas Court, Lake County.  Ms. Kelly advises Petitioner that his "public record request" was denied pursuant to O.R.C. §149.43(B)(8) because it was not accompanied by a judge's order to release the documents.  ECF No. 4 at 33.  The letter does not include any reference to Petitioner's motions.

4

(1:13cv1348)

In his Petition for Writ of Mandamus, Petitioner avers that there is no Ohio Uniform Traffic Citation that supports Magistrate Stempuzis's finding of probable cause for a violation of O.R.C. § 2921.331. ECF No. 5 at 2. He states he has no other remedy because he believes the pleadings he filed in the Court of Common Pleas were returned, thus denying him access to court. ECF No. 5 at 4.

Finally, Petitioner seeks the following thirteen forms of relief:

i. Dismissal of Complaint.
ii. Punitive damages. $1,000,000 .
iii. Compensatory damages. $100,000.
iv. Exempla[]ry damages. $75,000.
v. Fact finding hearing if necessary.
vi. Admit to undisputed facts.
vii. Narrow the disputed legal issues.
viii. Apply the forum of this Honorable Court regard[ing] deficiencies of pleadings.
ix. Impl[e]ment summary judgment.
x. Impl[e]ment default judgment due to failure to respond in the allotted time.
xi. An order for Defendant[']s Medical Records from Raleigh N.C. Psychiatric State Hospital.
xii. For the Cognative [sic] and Volitional application of procedural due process of state statutes, USCA and Ohio Const as they are suppose[d] to be applied.
xiii. A federal inquiry into Willoughby Hills Police Department conducting traffic stops outside of their jurisdiction territory on I-271 South, I-90 WB; I-271 North and I-90E/B.

ECF No. 4 at 22. He concludes with allegations that Willoughby Hills police officers are conspiring with its municipal court to commit grand theft of automobiles, false arrest and kidnapping. ECF No. 4 at 21.

## II. Habeas Jurisdiction

Petitioner asserts this Court's jurisdiction pursuant to 28 U.S.C. § 2254. *See, e.g.*, ECF

5

(1:13cv1348)

No. 1-2 at 1. Federal habeas corpus review under 28 U.S.C. § 2254 is only available, however, to a person in custody pursuant *to a state court judgment* who claims he is being held in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). While Petitioner remains "in custody," his custody is not "pursuant to the judgment of a State court." Instead, he is being held in custody pursuant to an indictment. Therefore, section 2254 cannot, by its own terms, apply to the present Petition.

The Sixth Circuit has consistently held that pretrial detainees may pursue habeas relief under 28 U.S.C. § 2241 rather than § 2254 if they are detained in a state facility. *See Phillips v. Court of Common Pleas, Hamilton County, Ohio,* 668 F.3d 804, 809 (6th Cir. 2012); *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981).

Here, Petitioner is being held in custody because he failed to post bond after charges were filed against him in municipal court. Thus, if he seeks to challenge a judgment or ruling of the municipal court he may do so by means of a petition for federal habeas relief pursuant to § 2241. The Court, therefore, considers his arguments in the context of § 2241.

### III. Exhaustion

Exhaustion under the general habeas statute is not a statutory requirement, but rather based on decisional law. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006); *cf. Fisher v. Rose,* 757 F.2d 789, 792 (6th Cir. 1985)(noting that alleged speedy-trial violation challenged before trial generally requires exhaustion). This may be excused, however, "where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks."

(1:13cv1348)

*Fazzini*, 757 F.2d. at 792. To properly exhaust available remedies, a pre-trial detainee held by the state must generally appeal an adverse decision all the way to the state's court of last resort. *Klein v. Leis*, 548 F.3d 425, 430 n. 2 (6th Cir. 2008).

Petitioner has not received an adverse determination from the trial court. Until the Court of Common Pleas issues decisions on Petitioner's pending Motion to Dismiss and Motion for Summary Judgment, a habeas petition before a federal court is premature. Therefore, Petitioner cannot advance his petition based on his pending challenges to the municipal court decision.

### IV. *Younger* Abstention

Even assuming, *arguendo*, that the Amended Petition is proper, to the extent Petitioner challenges the traffic violation charges filed against him which are still pending before the Lake County Court of Common Pleas, the Court is unable to intervene in those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature and federal court intervention would "unduly interfere with the legitimate activities of the States." *Younger*, 401 U.S. at 44.

The three relevant factors supporting abstention are all present in this case. The issues presented in the complaint are clearly the subject of an ongoing state court criminal matter, which

(1:13cv1348)

is of paramount state interest.  See *id*. at 44-46.  Petitioner does not make "substantial allegations" showing that the Lake County prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception.  See *id*. at 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction, or with an intention to harass); *id.* at 53–54 (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief).  Further, Ohio State Courts have adequate and effective procedures for review of Petitioner's claim either before trial or, in the event he is convicted, through appellate and post-conviction proceedings.  Petitioner presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes.  Accordingly, the Court will abstain from reaching the merits of Petitioner's § 2241 claim.

### V. Conclusion

Based on the foregoing, Petitioner's Writ of Mandamus (ECF No. 5) is denied, and this action (ECF Nos. 1; 4) is dismissed without prejudice for failure to exhaust administrative remedies.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

(1:13cv1348)

this decision could not be taken in good faith.[5]

    IT IS SO ORDERED.

| | |
|---|---|
|    July 24, 2013 |    */s/Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

  [5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."